# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Jeffrey Mendoza,<br><br>　　　　　Defendant. | Case No.  16-842 M<br><br>ORDER OF DETENTION |

I.

The Court conducted a detention hearing on April 27, 2016:

☐   On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving Choose an item.

☒   On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure

1  the defendant's appearance as required and the safety or any person or the
2  community [18 U.S.C. § 3142(e)(2)].

## II.

6  The Court finds that no condition or combination of conditions will
7  reasonably assure: ☒ the appearance of the defendant as required.
8  ☒ the safety of any person or the community.

## III.

12  The Court has considered: (a) the nature and circumstances of the offense(s)
13  charged, including whether the offense is a crime of violence, a Federal crime of
14  terrorism, or involves a minor victim or a controlled substance, firearm, explosive,
15  or destructive device; (b) the weight of evidence against the defendant; (c) the
16  history and characteristics of the defendant; and (d) the nature and seriousness of
17  the danger to any person or the community. [18 U.S.C. § 3142(g)] The Court also
18  considered all the evidence adduced at the hearing and the arguments, the
19  arguments of counsel, and the report and recommendation of the U.S. retrial
20  Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

- ☒ Lack of sufficient bail resources
- ☐ Refusal to interview with Pretrial Services
- ☐ No stable residence or employment
- ☒ Previous failures to appear in 2005 and 2008 and probation violations as recently as April 2015 based on an underlying felony narcotics offense
- ☐ Ties to foreign countries
- ☐ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☒ defendant's use of aliases, and at the time of arrest, defendant's possession of credit cards in the names of others and possession of "identity profiles."

As to danger to the community:

- ☒ Nature of previous criminal convictions, which include misdemeanor convictions for theft, receiving stolen property and narcotics, and felony convictions for narcotics (2008, 2009, 2013), and fraud (2015).
- ☒ Allegations in present charging document
- ☒ Substance abuse – defendant was in possession of methamphetamine at the time of arrest
- ☐ Already in custody on state or federal offense
- ☐ Unrebutted presumption [18 U.S.C. § 3142(e)(2)]
- ☐ Defendant is subject to a restraining order

V.

☐   The Court finds a serious risk that the defendant will

    ☐   obstruct or attempt to obstruct justice.

    ☐   threaten, injure or intimidate a prospective witness or juror, or attempt to do so.

The Court bases its conclusions on the following:

VI.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: April 27, 2016

/s/
_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE